NOVOTNEY v BURGER KING CORPORATION (ON REMAND)

Docket No. 159563. Submitted December 23, 1992, at Lansing. Decided March 1, 1993, at 10:10 ᴀ.ᴍ. Leave to appeal sought.

Luella J. Novotney and Ernest Novotney brought a negligence action in the Oakland Circuit Court against Burger King Corporation and R & G Quality Foods, seeking damages for injuries sustained by Luella, an invitee, when she slipped and fell on a handicap access ramp at the defendants' restaurant. The court, Robert L. Templin, J., granted summary disposition for the defendants, ruling that the ramp was an open and obvious danger on the defendants' premises of which they owed no duty to warn their invitees. The Court of Appeals initially affirmed in an unpublished opinion per curiam, decided October 3, 1990 (Docket No. 116731), but later granted the plaintiffs' motion for a rehearing. On rehearing, the Court, Mᴜʀᴘʜʏ and Mɪᴄʜᴀᴇʟ J. Kᴇʟʟʏ, JJ., (Sᴀᴡʏᴇʀ, P.J., dissenting), reversed, holding that the doctrine concerning open and obvious dangers was inconsistent with comparative negligence and was no longer a viable doctrine in Michigan. 188 Mich App 705 (1991). The Supreme Court remanded for reconsideration in light of *Riddle v McLouth Steel Products Corp*, 440 Mich 85 (912). 441 Mich 897 (1992).

On remand, the Court of Appeals *held:*

The doctrine that there is no duty to warn invitees of open and obvious dangers remains viable in Michigan, despite the adoption of comparative negligence. A handicap access ramp is a simple device, the nature of which is apparent upon casual inspection by an average user with ordinary intelligence. The danger inherent in the ramp in this case, which was built in compliance with state regulations and specifications, was obvious, and the defendants owed no duty to warn business invitees

Rᴇғᴇʀᴇɴᴄᴇs

Am Jur 2d, Negligence §§ 144, 185, 186, 383, 892 *et seq.*.

See ALR Index under Contributory Negligence or Assumption of Risk; Degree and Standard of Care; Guests, Invitees, or Licencees; Negligence.

of the danger. The trial court properly granted summary disposition for the defendants.

Affirmed.

MURPHY, J., dissenting, stated that the judgment should be reversed and the case remanded because there were unresolved questions of fact concerning the safety of the ramp, the defendants' knowledge of the danger, and the open and obvious nature of the danger that should be determined by a trier of fact.

NEGLIGENCE — INVITEES — DUTY TO WARN — KNOWN OR OBVIOUS DANGERS — HANDICAP ACCESS RAMPS.

A handicap access ramp is a simple device, the nature of which is apparent upon casual inspection by an average user with ordinary intelligence; accordingly, a business that constructs a handicap access ramp that complies with state regulations and specifications owes no duty to warn business invitees of the obvious and apparent dangers of such ramps.

*Law Offices of Samuel Bernstein* (by *Edmund O. Battersby*), for the plaintiffs.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Barbara A. Rush*), for the defendants.

ON REMAND

Before: SAWYER, P.J., and MICHAEL J. KELLY and MURPHY, JJ.

SAWYER, P.J. This matter is before us for decision a third time, now on remand by the Supreme Court. Plaintiffs initially appealed from an order of the circuit court granting summary disposition in favor of defendants under MCR 2.116(C)(10) (no genuine issue of material fact). We affirmed in an unpublished opinion per curiam, decided October 3, 1990 (Docket No. 116731), by a two-to-one decision. Thereafter, plaintiffs moved for rehearing, and this Court granted rehearing in a two-to-one decision. On rehearing, this Court reversed the grant of summary disposition. *Novotney v Burger*

*King Corp (On Rehearing)*, 188 Mich App 705; 470
NW2d 93 (1991). Thereafter, the Supreme Court
remanded the matter to us for reconsideration in
light of *Riddle v McLouth Steel Products Corp*, 440
Mich 85; 485 NW2d 676 (1992). 441 Mich 897
(1992). In light of *Riddle,* we again affirm the grant
of summary disposition in favor of defendants.

Plaintiff Luella Novotney fell at defendants'
restaurant when she stepped from a sidewalk onto
an inclined, handicap access ramp. According to
Novotney, she did not expect the incline and had
anticipated stepping onto a flat surface level with
the sidewalk she was stepping from. The unex-
pected incline caused her to fall, and, as a result,
she has allegedly suffered injury. In our original
opinion, we held that a possessor of land does not
owe a duty to invitees with respect to conditions
that are so obvious and apparent that an invitee
may be expected to discover them himself. We
concluded that there was no genuine issue of
material fact concerning the ramp's open and
obvious nature.[1] On rehearing, this Court con-
cluded that the doctrine concerning open and obvi-
ous dangers did not survive the adoption of com-
parative negligence and, therefore, summary dis-
position was inappropriate. *Novotney (On Rehear-
ing), supra.*[2]

In *Riddle,* the Supreme Court discussed the
continued viability of the doctrine of open and
obvious dangers in light of the adoption of compar-
ative negligence. The Supreme Court concluded

---

[1] Judge MURPHY dissented, concluding that there was a genuine
issue of material fact concerning the unsafe condition of the ramp,
defendants' knowledge of the danger, and the open and obvious
nature of the hazard.

[2] Judge SAWYER dissented, concluding that the adoption of compara-
tive negligence did not affect the viability of the doctrine of open and
obvious dangers.

that this Court "incorrectly determined that the 'no duty to warn of open and obvious danger' rule is inconsistent with comparative negligence and should be abolished." *Riddle, supra* at 95. The Court specifically held that the rule that there is no duty to warn of open and obvious dangers remains viable in Michigan. *Id.* at 99-100.

Turning to the case at bar, we conclude that defendants had no legal duty to warn plaintiffs of the handicap access ramp. The Supreme Court in *Riddle, supra* at 96, stated:

> However, where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee. *Williams* [*v Cunningham Drug Stores, Inc,* 429 Mich 495, 500; 418 NW2d 381 (1988)].

Thus, the question arises whether the handicap access ramp, and the dangers posed by that ramp, were so obvious that the invitee might reasonably be expected to discover them. In answering this question, we find guidance in the Supreme Court's decision in *Glittenberg v Doughboy Recreational Industries (On Rehearing),* 441 Mich 379; 491 NW2d 208 (1992).

In *Glittenberg,* the Court applied the doctrine of open and obvious dangers to a products liability case involving a swimming pool. The Court stated, *id.* at 394, that "the narrow issue presented here is whether there is a duty to warn of the dangerous characteristics of a simple product that are readily apparent or easily discoverable upon casual inspection by the average user of ordinary intelligence." The Court answered that question in the negative. The Court noted that the obvious nature of the

product's potential danger serves as an inherent warning that the risk is present. *Id.* The Court further noted that the obvious danger rule in the context of a warning with regard to a simple product is fair and logical. *Id.* at 395-396. That is, a warning is not needed because the product's potentially dangerous condition is fully evident, thus providing a warning would not serve to make the product safer. *Id.* at 396. In other words, an obvious danger is no danger to a reasonably careful person. *Id.* Thus, where the very condition that may cause injury is wholly revealed by casual observation, the duty to warn serves no purpose. *Id.* at 397.

Although this is not a products liability case, we nevertheless conclude that the Court's observation in *Glittenberg* is analogous to this action, a premises liability case. A sidewalk, with a handicap access ramp, is for all practical purposes a simple product. Its nature, as well as any dangers presented, is apparent upon casual inspection by an average user with ordinary intelligence. That is, a person can observe in what direction a sidewalk goes, and what incline the sidewalk presents, upon casual inspection. There is no indication in this case that plaintiff could not have determined the existence of the handicap access ramp, or the incline of that ramp, had she inspected the sidewalk in front of her. The allegations are only that she did not discover the nature of the handicap access ramp and that she would have been more likely to discover the ramp had warning signs been posted or had the ramp been painted a contrasting color.

However, the analysis whether a danger is open and obvious does not revolve around whether steps could have been taken to make the danger more open or more obvious. Rather, the equation in-

volved is whether the danger, as presented, is open and obvious. The question is: Would an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection? That is, is it reasonable to expect that the invitee would discover the danger? With respect to an inclined handicap access ramp, we conclude that it is.

Thus, it is not relevant to the disposition of this matter whether plaintiff actually saw the handicap ramp. Rather, it is necessary for plaintiffs, to have their claim survive the motion for summary disposition, to come forth with sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence of the inclined handicap access ramp. Plaintiffs have not brought forth such facts. Plaintiffs brought forth no evidence to show that the nature of the inclined ramp was not discoverable upon casual inspection. Rather, plaintiffs include excerpts from Luella Novotney's deposition that the ramp was "not very noticeable." The question, however, is not how noticeable the ramp was to plaintiff, but whether it was noticeable to the ordinary user upon casual inspection.

Plaintiffs also presented the affidavit of a construction safety expert who opined that the ramp should have been marked with yellow paint. Again, however, the question is not whether the ramp could have been made more noticeable or safer upon the issuance of warnings, or the painting of the ramp in a contrasting color, but whether the ramp was noticeable in its existing condition. Nowhere in his affidavit does the expert opine that the ramp was not noticeable by the ordinary user.[3]

[3] The closest that plaintiffs' expert comes to so opining is his statement that plaintiff's injuries were caused as a result of defendants' failing to maintain a reasonably safe walkway. That, however,

Furthermore, plaintiffs' brief on appeal includes a photocopy of a photograph of the sidewalk and ramp. Although the photograph is of relatively poor quality, the ramp is nevertheless noticeable, as is its incline.[4]

Moreover, as noted in Judge SAWYER's dissent in the previous opinion on rehearing, *Novotney (On Rehearing), supra* at 715, buildings open to the public are required to be accessible to the handicapped and, therefore, an invitee must expect to encounter a handicap ramp somewhere on the premises. Thus, an ordinary user would expect to encounter a handicap ramp at some point and it is not unreasonable to expect the user to be on the lookout for such a ramp.[5] Indeed, defendants presented an affidavit in the trial court from the local township building inspector that he had inspected the handicap ramp at issue and that the ramp met all the state regulations and specifications with respect to handicap access ramps promulgated pursuant to MCL 125.1351 *et seq.;* MSA 3.447(121) *et seq.*

In sum, defendants built a restaurant with a sidewalk and handicap access ramp constructed in conformity with the applicable construction code. There is no indication from the record that the ramp was not in plain view or that, upon casual inspection, an ordinary user could not ascertain the nature of the incline and use the ramp with safety. Accordingly, we conclude that there was no

does not equate to an opinion concerning whether an ordinary user would have noticed the ramp upon casual inspection.

[4] The ramp itself, rather than being part of the sidewalk, sticks out from the sidewalk, providing an inclined surface from the parking lot level to the sidewalk level.

[5] In fact, in her deposition, plaintiff Luella Novotney testified that she was intending to walk down the handicap ramp. Thus, she was in fact aware of the existence of the ramp, but had failed to ascertain the nature of the incline.

genuine issue of material fact concerning the open
and obvious danger posed by the ramp. Therefore,
summary disposition in favor of defendants was
appropriate.

The grant of summary disposition is affirmed.
Defendants may tax costs.

MICHAEL J. KELLY, J., concurred.

MURPHY, J. *(dissenting)*. I would reverse the trial
court's grant of summary disposition in favor of
defendants.

The facts in this case were set forth in this
Court's prior published opinion. *Novotney v
Burger King Corp (On Rehearing)*, 188 Mich App
705, 706-707; 470 NW2d 93 (1991).

I acknowledge that *Riddle v McLouth Steel
Products Corp,* 440 Mich 85; 485 NW2d 676 (1992),
stands for the proposition that an owner of land
has no duty to warn an invitee of an open and
obvious danger unless the owner has anticipated
the harm will result despite the invitee's knowl-
edge of the danger. Unlike the majority, I am not
persuaded that the rationale in *Glittenberg v
Doughboy Recreational Industries (On Rehearing),*
441 Mich 379; 491 NW2d 208 (1992), a products
liability case, is applicable to this premises liabil-
ity claim.

In my opinion, when viewed in the light most
favorable to plaintiffs, the reasonableness of the
defendants' conduct and the questions concerning
the unsafe condition of the ramp, the defendants'
knowledge of the danger, and the open and obvi-
ous nature of the hazard should be resolved by the
trier of fact. Thus, I would find summary disposi-
tion inappropriate and would remand to the trial
court for further proceedings.