Bernardo Avendano **LOPEZ** and Valentina Santana Gurrero, Husband and Wife, Plaintiffs–Appellants,

v.

**PIROLLIPARK,** a Michigan Business, and James M. Pirolli and Patricia D. Pirolli, d/b/a Pirolli Park, Defendants–Appellees.

No. 00–2290.

United States Court of Appeals, Sixth Circuit.

Nov. 7, 2002.

Before KEITH and DAUGHTREY, Circuit Judges, and KATZ,* District Judge.

PER CURIAM.

In this premises liability case, sounding in diversity, the plaintiffs sued for various serious injuries suffered by Bernardo A. Lopez when he dove head-first into a man-made lake owned and operated by the defendants. According to the plaintiff, he had looked at the water and decided from its color, without otherwise testing its depth, that it was safe to dive into. In fact, it appears from pictures taken some months after the event and attached to the defendants' motion for summary judgment that the water in the lake was less than two feet deep when measured over ten feet from its edge. In granting summary judgment to the defendants, the district court ruled that "there [wa]s no genuine issue of material fact in this case: The danger of diving into unknown water is open and obvious," and held that the defendants had no legal duty to warn invitees of dangerous conditions, unless the lake was nevertheless unreasonably dangerous. The district court determined there was no evidence to support such a finding.

Before this court, Lopez asserts that the district court erred in granting the defendants' motion for summary judgment. He argues that the dangers of diving into unknown water are not open and obvious, and that he is therefore entitled to proceed to trial.

For the reasons set forth by the district judge in his order granting the defendants'

motion for summary judgment, we conclude that the plaintiff has failed to establish that the defendants owed him a duty. Under Michigan premises liability law, a landowner has a duty to exercise due care to protect an invitee from dangerous conditions. *See Williams v. Cunningham Drug Stores, Inc.,* 429 Mich. 495, 418 N.W.2d 381, 382 (1988) (citing 2 Restatement Torts, 2d, § 343). However, this duty is limited when the danger is open and obvious. In such a situation, the landowner is relieved of the duty to warn unless the risk of harm remains unreasonable, despite its open and obvious nature. *See Bertrand v. Alan Ford Inc.,* 449 Mich. 606, 537 N.W.2d 185, 187 (1995) (citing 2 Restatement Torts, 2d, § 343A(1)). "The 'no duty to warn of open and obvious danger' rule is a defensive doctrine that attacks the duty element that a plaintiff must establish in a prima facie negligence case." *Riddle v. McClouth Steel Prods. Corp,* 440 Mich. 85, 485 N.W.2d 676, 681 (1992).

To determine whether a danger is open and obvious, Michigan courts ask the question: "Would an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection?" *Novotney v. Burger King Corp.,* 198 Mich.App. 470, 499 N.W.2d 379, 381 (1993). Here, the question must be answered in the affirmative. Although one may have great sympathy for Lopez, there is nothing to suggest that "an average user with ordinary intelligence" would not discover the risk of diving into this lake from its banks. As noted by the district court, there were no physical structures suggesting that the lake was deep enough to dive into from its banks. The record does not reflect any other circumstances that would have reasonably suggested this was a lake with an extraor-

---

* The Hon. David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

dinary sharp drop-off. Moreover, as the Michigan Supreme Court has noted in *Glittenberg v. Doughboy Recreational Industries*, 441 Mich. 379, 491 N.W.2d 208, 217 (1992), "the condition creating the asserted danger, i.e., shallow water, is a fact that is readily apparent or discoverable upon casual inspection."

To support his claim that the danger was not open and obvious, Lopez points to the fact that he actually believed the water was safe for diving. However, this is not the relevant inquiry. Rather, the question as stated and applied by the Michigan courts is objective and does not turn on the plaintiff's subjective beliefs.

For the reasons set out above and explored at length in the district court's memorandum opinion of September 26, 2000, we AFFIRM the judgment of the district court granting summary judgment to the defendants.