# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT THOMAS,

        Plaintiff-Appellant,

v

PAT'S PIT STOP, LLC,

        Defendant-Appellee.

UNPUBLISHED
November 20, 2014

No. 317236
Lake Circuit Court
LC No. 12-008303-NO

Before: OWENS, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right from the trial court's order granting defendant's motion for summary disposition. Because the oil change pit into which plaintiff fell was an open and obvious condition and no special aspects existed to remove it from application of the open and obvious doctrine, we affirm.

In February 2009, plaintiff took his vehicle to defendant's business for an oil change and pulled into the service bay with a pit that enabled workers to access the undercarriages of customers' vehicles. Because plaintiff had an existing friendly relationship with the owner-manager and wished to say hello, he left his car after parking over the pit and walked around the back of his vehicle toward the owner-manager. As plaintiff walked along the side of his vehicle, he turned directly behind it while waving to the owner-manager, and fell into an open service pit. As a result of his fall, plaintiff sustained several injuries, including one to his left shoulder resulting in nerve damage.

Defendant moved the trial court for summary disposition pursuant to MCR 2.116(C)(10), arguing that the service pit was at all times an open and obvious condition. Plaintiff argued that because the facility was dimly lit and there were no cautionary signs warning of the open pit, there were genuine issues of material fact regarding whether the open and obvious doctrine applied. The trial court agreed with defendant and granted summary disposition in its favor.

This Court reviews a trial court's decision on a motion for summary disposition de novo. See *Greene v AP Products, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006). In reviewing a decision on a motion brought under MCR 2.116(C)(10), a reviewing court considers the "affidavits, pleadings, depositions, admissions, and other documentary evidence" in the light most favorable to the party opposing the motion. *Id*. at 507. Where there is no genuine issue

-1-

concerning any material fact, the moving party is entitled to judgment as a matter of law. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Plaintiff first argues that his deposition testimony that there were no warning signs that the pit was open created a genuine issue of material fact about whether the open pit was open and obvious. We disagree.

"In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a premises possessor has no general duty to protect an invitee from open and obvious dangers. *Id.* at 517. Whether a danger is open and obvious depends on whether it is reasonable to expect an average user of ordinary intelligence to discover the danger upon casual inspection. *Novotney v Burger King Corp* (*On Remand*), 198 Mich App 470, 474-75; 499 NW2d 379 (1993). "[T]he open and obvious doctrine should not be viewed as some type of 'exception' to the duty generally owed invitees, but rather as an integral part of the definition of that duty." *Lugo*, 464 Mich at 516. To survive a motion for summary disposition, a plaintiff must present "sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence" of the hazard. *Novotney*, 198 Mich App at 475.

Here, there was no dispute that plaintiff had been to the shop previously and was aware of the existence of the pit. There is also no dispute that there was a yellow three-inch metal barrier surrounding the pit. In light of these facts, we agree with the trial court that there is no genuine issue of material fact whether an ordinary person could have discovered the existence of the hazard upon casual inspection. Plaintiff places much emphasis on the fact that he had seen the rear portion of the pit covered by a grate on prior occasions. However, simply because the pit had been covered on prior occasions does not mean that its uncovered state was unnoticeable on the date in question. Plaintiff testified at deposition that there was nothing that prevented him from looking to see that the grate was missing. Moreover, the test in not how noticeable the open pit was to *plaintiff* but whether it was noticeable to the ordinary user upon casual inspection. See *Novotney*, 198 Mich App at 475.

Plaintiff alternatively argues he presented a material question of fact regarding whether the pit contained special aspects that made it unreasonably dangerous even if it was an open and obvious condition. Again, we disagree.

If "special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich at 517. "[A]n open and obvious condition might be unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm." *Id*. at 518. Only "those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Id.* at 519.

Comparing the pit at issue in this case with the hypothetical example in *Lugo* of an unguarded pit in the middle of a parking lot that is 30 feet deep, plaintiff asserts that the pit into which he fell presented a risk of falling an extended distance that likely created "a uniquely high likelihood of harm or severity of harm if the risk is not avoided." *Id.* This comparison fails, however, because, as stated in *Lugo*, a large pit in a parking lot would be unreasonably dangerous because it would be unexpected, "at least absent reasonable warnings or other remedial measures being taken." *Id.* at 518. In this case, however, plaintiff took his vehicle to a business where he knew there were open pits, and he admitted that he would have seen the uncovered pit had he been watching where he walked rather than waving at the owner-manager. Additionally, plaintiff conceded that the depth of the pit was approximately 10 feet, compared to the 30 foot fall contemplated in *Lugo*. Because plaintiff expected to find the pits at defendant's oil change facility, and length of the fall was not inherently dangerous, no special aspects made the risk of the fall unreasonably dangerous. Therefore, the trial court did not err in granting defendant's motion for summary disposition.

Affirmed.

/s/ Donald S. Owens
/s/ Jane E. Markey
/s/ Deborah A. Servitto