# STATE OF MICHIGAN

# COURT OF APPEALS

FLORINE CRITE,

        Plaintiff-Appellant,

v

DETROIT ENTERTAINMENT, LLC, doing
business as MOTOR CITY CASINO,

        Defendant-Appellee.

UNPUBLISHED
December 29, 2016

No. 329073
Wayne Circuit Court
LC No. 14-010867-NO

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition in this premises liability action. We affirm.

Plaintiff alleges that while an invitee on defendant's premises she fell because of an unreasonably hazardous walking surface. The alleged hazard was a ramped hallway leading from the hotel to a dining area in the casino. The hallway is inclined and partially covered with what the parties have referred to as a "sculpted carpet" in which some fibers are slightly longer than others, apparently on the order of a millimeter or two. Plaintiff asserts that she fell because she could not tell that the floor was inclined and/or because her toe caught on "what [she] presumed" was a raised portion of the carpet. Defendant filed a motion for summary disposition arguing that plaintiff had failed to raise a genuine issue of material fact as to the existence of a hazard and that if any hazard existed, it was open and obvious. The trial court agreed with both of defendant's arguments and granted the motion. We affirm.[1]

In *Bertrand v Alan Ford, Inc*, 449 Mich 606, 614-616; 537 NW2d 185 (1995), our Supreme Court explained that different floor levels are a common, everyday occurrence. Absent something about their character or location that would make them unreasonably dangerous, a premises owner has no duty to make the area foolproof. *Id*. at 616-617. *Bertrand* involved

---

[1] We review the trial court's grant of summary disposition "de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

-1-

consolidated appeals, which provide contrasting examples of when summary disposition is appropriate. *Id*. at 618-625. In one appeal, the plaintiff testified that she did not see the step, which caused her to trip and fall. *Id*. at 619. The Court found that the trial court properly granted summary disposition in that case because the plaintiff failed to establish that there was anything unusual about the step that would pose an unreasonable risk of harm. *Id*. at 621. In the other appeal, the Court found summary disposition was inappropriate because there was a question of fact as to whether pedestrian traffic and the location of a door made a step unreasonably dangerous. *Id*. at 624-625.

Likewise, in *Novotney v Burger King Corp*, 198 Mich App 470, 473-474; 499 NW2d 379 (1993), we considered whether an inclined, handicap access ramp was unreasonably dangerous or open and obvious and found that a handicap access ramp was a "simple product" that was discoverable upon casual inspection. The fact that the plaintiff did not notice the incline was irrelevant to whether it presented a danger. *Id*. at 474-475. We explained that for the plaintiff to survive the defendant's motion for summary disposition, she must present "sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence of the inclined handicap access ramp" and that it was not relevant that the plaintiff herself failed to see the ramp. *Id*. at 475. Additionally, we found an affidavit of a construction safety expert stating that the ramp should have been painted a contrasting color to be insufficient to establish that the ramp was not discoverable by an ordinary person upon casual inspection. *Id*.

In the present case, plaintiff has presented no basis to conclude that a long hallway with a slight incline constitutes an unreasonably hazardous condition. Nor does she articulate why the "sculpted carpet" constitutes an unreasonable hazard. She presents no measurements demonstrating an excessive variation of carpet fibers. Moreover, we have reviewed the photographs and video evidence submitted to the trial court, and we agree with the trial court that they do not give rise to any question of material fact such that a jury could find the walkway to be unreasonably hazardous or not obvious upon casual inspection. Plaintiff does present an affidavit from one person stating that she has also tripped in the same hallway, but the affidavit offers no details or additional information that might support a jury finding that the hall is unreasonably dangerous. Plaintiff has failed to come forward with sufficient evidence to create a genuine factual issue about whether an ordinary user would have discovered the incline upon casual inspection. The trial court did not error in granting defendant's motion for summary disposition.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Elizabeth L. Gleicher
/s/ Douglas B. Shapiro