# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL SIEVERT,

        Plaintiff-Appellant,

v

MICHIGAN PIZZA HUT, INC., D. & J. WHITE
ENTERPRISES, and J, K & C WHITE
ENTERPRISES, LLC,

        Defendants-Appellees.

UNPUBLISHED
March 14, 2017

No. 330607
Manistee Circuit Court
LC No. 14-015437-NO

Before: CAVANAGH, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants' motion for summary disposition in this trip and fall case. We affirm.

Defendant Pizza Hut, Inc., leases property owned by defendant J, K & C White Enterprises, LLC, on which sits a restaurant. Plaintiff identified himself as "a regular customer" of the restaurant. Plaintiff tripped and fell while trying to enter the restaurant from the parking lot to pick up a carryout order. Plaintiff acknowledged that it had been snowing and that, upon entering the parking lot, he noticed approximately five to seven inches of snow covering the lot. "It was a completely, almost level, blanket of snow from the time I entered," he testified. "The employee vehicles all had a good six inches of snow," he further explained. Plaintiff alleged that he tripped over the edge of a snow-covered ramp located at the entrance of the restaurant and suffered injuries from the fall.

Defendants filed a motion for summary disposition, arguing that the allegedly dangerous condition was open and obvious because plaintiff knew about the ramp from several previous visits and admitted that he could not see the ground underneath the snow, putting him on notice of a potential danger of tripping on a condition covered by the snow. Plaintiff responded that, had he slipped on the snow or ice, the danger would have been open and obvious. But, plaintiff argued, he actually tripped over a hidden danger so the open and obvious doctrine did not apply. The trial court concluded that plaintiff's familiarity with the restaurant meant he "was on notice . . . that once [the ramp] was covered with snow that it may be dangerous." Thus, the open and obvious doctrine applied and defendants were entitled to summary disposition. Plaintiff's motion for reconsideration was denied, and this appeal followed.

-1-

Plaintiff argues that the trial court was not permitted to consider the fact that he had seen the ramp on previous visits to the restaurant when it concluded that the danger posed by the ramp was open and obvious. After de novo review of the trial court's decision to grant summary disposition, we affirm. See *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

It is undisputed that plaintiff was an invitee on the night he tripped and fell. Generally, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). Premises possessors are not, however, charged with a duty to guarantee the safety of all persons who come on their land. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). Accordingly, the duty owed to an invitee is limited and "does not generally encompass removal of open and obvious dangers." *Lugo*, 464 Mich at 516. " '[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee.' " *Id.*, quoting *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992); see also *Bragan v Symanzik*, 263 Mich App 324, 331; 687 NW2d 881 (2004), quoting 2 Restatement Torts, 2d, § 343A, p 218. Thus, there is no liability if the plaintiff knew about the allegedly dangerous condition or if the condition was so obvious that the plaintiff might reasonably be expected to have discovered it.

In this case, plaintiff admitted that he had actual knowledge of the ramp that he allegedly tripped on. Plaintiff testified that he was a "regular customer" of defendant Pizza Hut, explaining that he went to the restaurant approximately "four to maybe seven or eight times in a month" for at least the last 90 days before the trip and fall occurred. Plaintiff specifically testified that on these prior occasions he noticed a slope by the entrance door. "[I]f somebody would have asked me a pointed question about the ramp thing there," plaintiff admitted, "I would have been able to say there's some kind of ramp deal going on there." Although he asserts the ramp was "out of sight and out of mind" that night, he also admitted that he "anticipated that [he] would walk up to the entrance and that there would be an increased elevation to the entrance." Accordingly, as the trial court held, plaintiff knew about the allegedly dangerous condition and, thus, the open and obvious doctrine was applicable to this case. See *Lugo*, 464 Mich at 516.

Even if plaintiff had lacked actual knowledge of the ramp, the open and obvious doctrine would apply. Plaintiff testified that he noticed approximately five to seven inches of snow covering the parking lot, which he characterized as a "blanket of snow." Plaintiff further testified that, when he stepped out of his vehicle, he was concerned that he would slip and fall so he walked carefully with "little steps and shuffled to the door because that was the most effective way of navigating . . . those conditions." As explained in *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993), the issue is: "Would an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection? That is, is it reasonable to expect that the invitee would discover the danger?" We conclude that the presence of several inches of snow informs an average person that there may be potential tripping and stumbling hazards underneath, and concealed by, the snow. That is, the danger and the risk presented are discoverable upon casual inspection. See *id*. Accordingly, it is reasonable to expect that plaintiff, who was attempting to enter the restaurant by walking through several inches of snow, would discover the potential danger and risk of

tripping on an unseen, uneven surface underneath the snow, i.e., the ramp leading into the establishment. See *id*.; see also *Lugo*, 464 Mich at 516.

Plaintiff claims that he would have been more likely to discover the ramp if there had been warning posts or if the premises were recently plowed. "However, the analysis whether a danger is open and obvious does not revolve around whether steps could have been taken to make the danger more open or more obvious. Rather, the equation involved is whether the danger, as presented, is open and obvious." *Novotney*, 198 Mich App at 474-475. In summary, the trial court properly granted defendants' motion for summary disposition.

Affirmed. Defendants are entitled to tax costs as the prevailing party. See MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Deborah A. Servitto