*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS BELMONT,

Plaintiff-Appellant,

v

ST. JOHN MACOMB-OAKLAND HOSPITAL,

Defendant-Appellee.

UNPUBLISHED
January 7, 2020

No. 344578
Macomb Circuit Court
LC No. 2016-003827-NO

Before: FORT HOOD, P.J., and SAWYER and SHAPIRO, JJ.

SAWYER, J. (*dissenting*).

I respectfully dissent.

Unlike the majority, I am not persuaded that the wet condition on the floor was not open and obvious and that the trial court erred in granting summary disposition in favor of defendant.

A dangerous condition is open and obvious when "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). The majority acknowledges that the determination whether a danger is open and obvious is based on the objective nature of the dangerous condition itself rather than an invitee's subjective awareness of the hazard at the time that the injury occurred. See *id*. at 474-475.

In this case, the moisture on the ground that caused plaintiff to slip was open and obvious. Plaintiff testified that he saw a housekeeper exit the room with a mop when he first arrived at his wife's hospital room. Plaintiff noticed some wetness around the bed, but testified that he did not approach that area. Additionally, plaintiff was warned by his stepson to be careful because the housekeeper had just mopped the floor. After plaintiff fell, he noticed that there was some moisture on the ground that caused him to fall. Although plaintiff did not see anyone mopping around the area where he fell, he testified that the floor shined like it was wet. Plaintiff concluded that the moisture on the floor was probably from the housekeeper's mop, either by direct contact with the floor or from water droplets that spilled off the mop.

Based on the information available to plaintiff at the time of the accident, it is reasonable to conclude that an average person with ordinary intelligence would have discovered the moist area upon casual inspection. See *Novotney*, 198 Mich App at 475. Plaintiff was aware that the housekeeper had mopped portions of the room shortly before he arrived. An ordinarily cautious person with such information would have expected that water could have dripped off the mop around the door as the housekeeper was leaving the room. Because plaintiff acknowledged that he was able to see moisture on the floor after he fell, he could have easily avoided the potential risk of danger. If plaintiff had only casually inspected the area where he was walking before he fell, he would have avoided the wet area and would not have slipped and fell. Therefore, there is no genuine issue of material fact regarding whether the hazardous condition was open and obvious.

I would affirm.


/s/ David H. Sawyer