*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF ALDO H. GRILLI, by Personal
Representative DAVID A. GRILLI,

        Plaintiff-Appellee,

UNPUBLISHED
January 27, 2022

v

MON JIN LAU, INC.,

        Defendant-Appellant.

No. 355398
Oakland Circuit Court
LC No. 2019-177655-NO

Before: GLEICHER, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

GLEICHER, C.J. (*concurring*).

I am compelled to join the majority's opinion because the majority has correctly applied Michigan's open and obvious danger doctrine. I further agree that this Court lacks the authority to alter Michigan's current iteration of the open and obvious danger defense. Plaintiff has preserved for our Supreme Court's consideration whether that doctrine is jurisprudentially sound.

The majority recites that plaintiff conceded that the photographs of the pavement fairly and accurately represented the condition of the walkway on the day of the fall, continuing: "whether the decedent was using reasonable care at the time or had any actual knowledge of the patch is not relevant." This is an accurate statement of the law. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-517; 629 NW2d 384 (2001). Once a court determines that a danger was open and obvious, a plaintiff's fault for his or her own injury is an automatic and incontrovertible conclusion. This approach corresponds to common-law contributory negligence, which eliminated a plaintiff's ability to pursue a claim if the plaintiff bore any fault at all for his or her own injury. Our premises liability law transforms even unreasonable dangers created or tolerated by a landowner into risks that must be born only by the plaintiff.

Yet on the other hand, accurately citing *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474; 499 NW2d 379 (1993), the majority observes that "an obvious danger is no danger to a reasonably careful person." Or, as this Court put it in *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693-694; 822 NW2d 254 (2012), "there is an overriding public policy that people should 'take reasonable care for their own safety' and this precludes the

-1-

imposition of a duty on a landowner to take extraordinary measures to warn or keep people safe unless the risk is unreasonable." In other words, when a danger is "open and obvious" a plaintiff may not recover precisely because the plaintiff failed to exercise reasonable care for his or her own safety.

I juxtapose these accurate statements of Michigan law to highlight the logical flaws inherent in the open and obvious danger doctrine. One explanation posits that the degree of care exercised by a plaintiff is *never* a factor in a premises liability case, and another declares that it is *always* a key element.

These conflicting rationales camouflage the underlying reality that a court's finding that a danger is "open and obvious" eliminates the landowner's duty to warn or otherwise protect against the danger, immunizing the landowner for any negligence in maintaining the premises. The open and obvious danger doctrine focuses only on the *plaintiff's* failure to conform to a judge-made standard of care and bars recovery even when the defendant could and should have eliminated a hazard.

The tensions and contradictions inherent in the open and obvious danger doctrine flow from the fact that it is irreconcilable with modern tort law, including MCL 600.2957(1), which provides that in tort cases, "the liability of each person shall be allocated . . . by the trier of fact and, subject to [MCL 600.6304], in direct proportion to the person's percentage of fault." Until the Supreme Court remedies our state's premises liability jurisprudence, defendants such as Mon Jin Lau will have no incentive to fully repair a broken walkway, and people such as Aldo Grilli will pay the price of this negligence.


/s/ Elizabeth L. Gleicher