*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW EMANUELSEN,

    Plaintiff-Appellee,

v

CITY OF WOODHAVEN,

    Defendant-Appellant,

and

GORNO BROS. INC., d/b/a GORNO FORD and d/b/a QUICK LANE OIL CHANGE,

    Defendant.

UNPUBLISHED
October 20, 2022

No. 358286
Wayne Circuit Court
LC No. 20-007706-NO

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

Matthew Emanuelsen tripped and fell on a sidewalk in the City of Woodhaven. Emanuelsen filed an action against the City alleging that he was injured as a result of the City's failure to maintain the sidewalk pursuant to MCL 691.1402a. The City argues that it is entitled to governmental immunity pursuant to the two-inch rule under MCL 691.1402a(3). And the City asserts that the defect was open and obvious.

Emanuelsen presented evidence that there was a vertical discontinuity of at least 2 inches, which rebuts the statutory presumption that the City maintained the sidewalk in reasonable repair. Because the defect was concealed by a piece of paper at the time of the fall, there is a question of fact as to whether the defect was open and obvious. Accordingly, we affirm the trial court's denial of the City's motion for summary disposition under MCR 2.116(C)(7) and (10).

## I. BACKGROUND

On March 6, 2020, Emanuelsen took his car for service at a dealership in Woodhaven. While his car was being serviced, Emanuelsen left the building to walk to an appointment nearby. Emanuelsen stepped in a hole in the sidewalk, tripped on the abutting slab, and fell. He testified

that the vertical discontinuity between the two slabs was approximately 2 ½ to 3 inches pursuant to the measurements and photographs that he took a few weeks after his fall:



Emanuelsen maintains that he did not see the defect before he fell because it was obscured by grass, dead debris, and an off-white, weathered, eight-by-ten-inch piece of paper that appeared to be an advertising circular. Although he noticed the piece of paper before he fell, the surface of the sidewalk beneath the paper appeared to be level and safe to walk on. He testified that there was nothing about the appearance of the sidewalk surrounding the piece of paper that alerted him that there was a divot or substantial change in continuity underneath the piece of paper. Emanuelsen acknowledged that he would have been able to see the hole and the height differential if it was not covered by the piece of paper. He testified that he would have avoided the hole if he had seen it. There were no obstructions to the left of the hole that would have prevented him from walking around it.

The dealership's service manager estimated that the hole was approximately 3 inches wide. He measured and photographed the hole's depth, which he testified was 2 inches:



Emanuelsen's sidewalk safety liability expert, Anthony Fenton, reviewed the record evidence and opined that the raised sidewalk exhibited a height differential between 2 ½ to 3 inches at its deepest point. He testified that the slab was in unreasonable repair. He averred that it was not reasonably safe for pedestrians because the location, configuration, and depth of the depression and the vertical edge of the adjoining slab created a trip hazard. Fenton opined that there were no characteristics about the sidewalk that would have alerted a pedestrian to the hole and height differential if it was concealed by a piece of paper. Fenton further opined that the depression in the sidewalk existed for more than three years before Emanuelsen fell based on Google street view images of the area from 2016 and 2018.

As a result of the fall, Emanuelsen fractured his shoulder, which required surgery. He filed suit, seeking damages for the injuries that he sustained as a result of the fall. After discovery, the City moved for summary disposition based on governmental immunity. The City argued that the suit was barred by the two-inch rule under MCL 691.1402a(3) because Emanuelsen failed to present evidence that the sidewalk's vertical discontinuity was 2 inches or more to rebut the statutory presumption that the City had fulfilled its duty to reasonably maintain its sidewalk.[1] The City also argued that the alleged defect was open and obvious. The trial court rejected the City's arguments and denied its motion. This appeal followed.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(7) is proper when a claim is barred because of immunity granted under the law. *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). We consider all documentary evidence in a light most favorable to the nonmoving party under MCR 2.116(C)(7). *Id*. "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*. (quotation marks omitted). "But when a relevant factual dispute does exist, summary disposition is not appropriate." *Id*.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Woodring v Phoenix Ins Co,* 325 Mich App 108, 113; 923 NW2d 607 (2018). We consider all evidence in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160. Summary disposition under MCR 2.116(C)(10) is only appropriate when there is no genuine issue of material fact. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).

---

[1] But the City conceded in its motion that the service manager's "[p]hotographs show that the disparity between the two slabs is, at best, two inches."

## III. TWO-INCH RULE

The City argues that Emanuelsen's claim is barred by the two-inch rule because he failed to produce evidence of a vertical discontinuity of 2 inches or more and/or a dangerous condition in the sidewalk. We disagree.

The governmental tort liability act, (GTLA), MCL 691.1401 et seq., grants a governmental agency immunity from tort liability if the agency was engaged in the exercise or discharge of a governmental function, subject to certain enumerated exceptions. MCL 691.1407(1); *Bernardoni v City of Saginaw*, 499 Mich 470, 473; 886 NW2d 109 (2016). One such exception is the "highway exception" under MCL 691.1402, which allows an individual "to recover the damages . . . resulting from a municipality's failure to keep highways—including sidewalks . . . in reasonable repair and in a condition reasonably safe and fit for travel. . . ." *Bernardoni*, 499 Mich at 473 (quotation marks and citation omitted). A municipality has a statutory duty to "maintain [a] sidewalk in reasonable repair." 691.1402a(1). And it can be held liable for breaching that duty if the injured party "proves that at least 30 days before the occurrence . . . the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk." MCL 691.1402a(2).[2]

A municipality is "presumed to have maintained the sidewalk in reasonable repair." MCL 691.1402a(3). But that statutory presumption may be rebutted in a civil action with evidence showing that a proximate cause of the injury was 1 or both of the following:

> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

> (b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity. [MCL 691.1402a(3).]

In this case, it is undisputed that the City had a duty under MCL 691.1402a(3)(a) to maintain its sidewalks in such a condition that a "vertical discontinuity defect of 2 inches or more" or a "dangerous condition" did not exist. But the City maintains that Emanuelsen has not overcome the presumption of reasonable repair afforded to municipalities. We disagree. Viewing the evidence in the light most favorable to Emanuelsen, the photographs, testimony, and Fenton's affidavit demonstrate that the vertical discontinuity was two inches or more. The City challenges Emanuelsen's method of measurement in his photograph. But the City acknowledges that the service manager also measured and photographed the vertical discontinuity, which he testified was two inches. There was ample record evidence establishing that Emanuelsen overcame the two-inch presumption. Thus, we find no error in the trial court's denial of summary disposition on this issue.

---

[2] For purposes of this appeal, the City does not dispute that the alleged defect in the slabs was present for more than 30 days.

## IV. OPEN AND OBVIOUS

The City further argues that the trial court erred when it found that there was a genuine issue of material fact whether the sidewalk defect was open and obvious. We disagree.

The GTLA provides:

In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) may assert, in addition to any other defense available to it, any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious. [MCL 691.1402a(5).]

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). This test is an objective one that requires an inquiry of "the objective nature of the condition of the premises at issue." *Id.* "The open and obvious danger doctrine focuses on the condition of the premises and the hazard as they existed at the time the plaintiff encountered them." *Blackwell v Franchi*, 318 Mich App 573, 579; 899 NW2d 415 (2017). A plaintiff must "come forth with sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence of the [hazard]." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993).

In this case, Emanuelsen testified that a piece of paper was lying flat over the defect, which concealed the defect. And there was nothing about the condition of the sidewalk surrounding the paper that would have allowed him to identify the defect as he approached it. Emanuelsen testified that he would have avoided the defect if he had seen it. Fenton opined that "there was no characteristic of the subject sidewalk or warning that would have alerted a pedestrian to the concealed depression . . ." if it was covered by a piece of paper. And the service manager testified that the area appeared reasonably safe, with the exception of the divot.

Because Emanuelsen conceded that he could see the defect when it was not covered by paper, the City argues that the defect was open and obvious as a matter of law.[3] But the relevant inquiry is "whether, in light of the evidence presented, there is a genuine factual dispute regarding whether an average user of ordinary intelligence acting under the conditions as they existed at the time [the] plaintiff encountered the [hazard] would have been able to discover it on casual inspection." *Blackwell,* 318 Mich App at 577. We conclude that there is a genuine issue of material fact whether an average person of ordinary intelligence would have discovered the sidewalk defect upon casual inspection if there was an eight-by-ten-inch piece of paper lying flat over the defect and there was nothing unusual about the condition of the sidewalk surrounding the paper.

---

[3] The City relies on a number of unpublished decisions of this Court. But none are persuasive. Although unpublished opinions are not binding, they may be considered for their instructive or persuasive value. MCR 7.215(C)(1); *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

Accordingly, the trial court did not err in denying the City's motion for summary disposition on the open and obvious defense.

## V. CONCLUSION

There was ample record evidence establishing that Emanuelsen overcame the two-inch presumption. And there is a genuine issue of material fact whether an average person with ordinary intelligence would have discovered the sidewalk defect upon casual inspection if there was an eight-by-ten-inch piece of paper lying flat over the defect. Accordingly, the trial court did not err in denying the City's motion for summary disposition.

Affirmed.


/s/ Elizabeth L. Gleicher
/s/ Sima G. Patel