*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW EMANUELSEN,

       Plaintiff-Appellee,

v

CITY OF WOODHAVEN,

       Defendant-Appellant,

and

GORNO BROS. INC., d/b/a GORNO FORD and
d/b/a QUICK LANE OIL CHANGE,

       Defendant.

UNPUBLISHED
October 20, 2022

No. 358286
Wayne Circuit Court
LC No. 20-007706-NO

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

GLEICHER, C.J. (*concurring*).

I concur with the majority's analysis and write separately to respectfully respond to the dissent.

The dissent contends that the sidewalk's vertical discontinuity defect was "open and obvious as a matter of law because an average person with ordinary intelligence would have discovered the defect on casual inspection," even though the defect was covered by a piece of paper. But a concealed defect is not "open and obvious" on casual inspection, and Michigan law does not support the dissent's analysis.

The test for determining whether a particular condition is open and obvious is "whether the danger, *as presented*, is open and obvious. The question is: Would an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection?" *Novotney v Burger King Corp*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993) (emphasis added). The dissent asserts that the sidewalk defect was open and obvious "absent contemplation of the errant piece of paper." But *Novotny* instructs that the question is whether the danger "*as*

*presented*" to the plaintiff was open and obvious. Assessing the risk presented inherently involves taking stock of what a reasonable person would have casually observed, and the evidence supports that a reasonable person would have seen an otherwise normal sidewalk with a piece of paper on it, nothing more.

True, the paper covering the large defect was, in the dissent's parlance, an "unpredictable fleeting circumstance." But it is foreseeable that pieces of paper will land on sidewalks. And although the piece of paper was open and obvious, pieces of paper on the ground don't present open and obvious dangers. Sidewalk discontinuities *are* potentially dangerous, which is why the Legislature placed on municipalities a duty to maintain sidewalks in "reasonable repair." MCL 691.1402a(1). There was nothing obvious or open about the sidewalk defect when Matthew Emanuelsen encountered it, which relieved him of any duty to "take reasonable measures to avoid" the danger. See *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). The dissent would award the city a complete defense for its failure to properly maintain the sidewalk despite that the defect did not "present" itself to Emanuelsen, who had no reason to suspect it was there.

In one sense, the dissent's approach is understandable given the state of our common law. Although Michigan replaced contributory negligence with comparative fault 45 years ago in *Kirby v Larson*, 400 Mich 585, 620-622; 256 NW2d 400 (1977), Michigan's open-and-obvious danger doctrine reinvigorates contributory negligence. It focuses only on the *plaintiff's* failure to conform to an objective standard of care and bars recovery even when the defendant could and should have eliminated a hazard. Our common law transforms even unreasonable dangers created or tolerated by a landowner into risks that must be born only by the plaintiff. The plaintiff's failure to exercise reasonable care entirely negates the defendant's duty of care.

But even under a contributory negligence approach, whether Emanuelsen should have comprehended the danger beneath the paper is a fact question for the jury. The Pennsylvania Supreme Court confronted precisely the same issue in the era of contributory negligence, reaching the same result as the majority does here. "In what may be termed the obscuration cases, i.e., where the dangerous condition is hidden by some substance such as water, snow, paper or confusing lights, the obscuration is never the legal cause of the harm, but operates in certain cases to relieve the injured party from the contributory negligence of failing to observe the danger." *De Clerico v Gimbel Bros, Inc*, 160 Pa Super 197, 199; 50 A2d 716 (1947). In that case, as here, the "obscuration" was not the danger or the cause of the plaintiff's injury. Rather, the question in that case and this one is whether despite to the "obscuration," the danger should have been perceived.

No evidence supports that Emanuelsen should have perceived that a danger lurked under the piece of paper, or walked around the paper to protect himself against any "danger" it presented. Encountering a piece of paper on a sidewalk simply does not alert an average person to a potential hazard. Accordingly, the majority correctly holds that the trial court correctly denied the city's motion for summary disposition premised on the open-and-obvious doctrine.

/s/ Elizabeth L. Gleicher