*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PENNY DARNELL,

        Plaintiff-Appellant,

and

BENEFITS COORDINATION AND RECOVERY
CENTER,

        Plaintiff,

v

WAL-MART STORES, INC., also known as
WALMART, INC.,

        Defendant-Appellee.

UNPUBLISHED
February 16, 2023

No. 359970
Kalamazoo Circuit Court
LC No. 2019-000442-NO

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

In this premises liability action, plaintiff[1] Penny Darnell ("Darnell"), acting *in propria persona*, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendant, Wal-Mart Stores, Inc., also known as Walmart, Inc. ("Walmart"), on the basis that the hazardous condition—water on the floor—was open and obvious and there was no evidence showing that Walmart had notice of the condition before Darnell slipped. On appeal, Darnell raises several claims challenging the trial court's conclusion that the open and obvious danger doctrine applied in this case. Because we

---

[1] Benefits Coordination and Recovery Center (Medicare) was listed as a plaintiff in this case. However, the trial court granted Walmart's motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted) as to this party because Darnell could not represent Medicare in the action. Darnell does not challenge this dismissal, and Benefits Coordination and Recovery Center is not a party to this appeal.

conclude that the trial court properly determined that Darnell failed to show that Walmart had notice of the hazardous condition, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of an incident where Darnell slipped—but did not fall—when she stepped in a small puddle of water that was on the floor of a Walmart store in Kalamazoo, Michigan. According to Darnell's deposition testimony, she entered the store on an overcast morning. It was not raining, but she believed that it may have rained the day before. While Darnell was walking in the area between the checkout aisles and the front of the store, she stepped in a puddle of water and slipped. According to Darnell, "shoppers asked me if I was okay, and one of the women said, oh, look, it's leaking from their ceiling." Darnell described the wet area as approximately four inches in diameter. Employees placed an orange "caution" sign and a bucket in the area where Darnell slipped. Darnell asserts that, as the result of the incident, she suffered a medial collateral knee ligament sprain in her left knee that caused nerve damage.

Darnell, acting *in propria persona*, filed a complaint against Walmart, essentially alleging that Walmart was negligent for allowing water to accumulate on the floor from the leaky ceiling, and that negligence caused her to slip and injure her knee. After discovery, Walmart moved for summary disposition, arguing, in relevant part, that the open and obvious danger doctrine barred Darnell's claim and that she failed to establish that Walmart knew about the hazardous condition before she slipped. The trial court held a hearing, and after considering the parties' arguments, granted the motion and dismissed the complaint on the basis that the hazardous condition was open and obvious and that Walmart did not have notice. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews a trial court's ruling on a motion for summary disposition de novo. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2001). When reviewing a motion brought pursuant to MCR 2.116(C)(10), this Court "must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence in favor of the party opposing the motion." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). This Court's "task is to review the record evidence, and all reasonable inferences drawn from it, and decide whether a genuine issue regarding any material fact exists to warrant a trial." *Id*. A genuine issue of material fact exists when the record, "giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ." *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997). The court may not "assess credibility" or "determine facts on a motion for summary judgment." *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994).

### B. RETROACTIVITY

First, Darnell asserts that the open and obvious danger doctrine is not applicable in this case because the incident occurred in 2016, and the Michigan Supreme Court held that the doctrine did not apply retroactively. We disagree.

Darnell's argument concerning retroactivity appears to be based on the 2016 amendment to MCL 691.1402a. MCL 691.1402a addresses a municipal corporation's duty to properly maintain public sidewalks in reasonable repair. MCL 691.1402a was amended in 2016. The amendment, which went into effect on January 4, 2017, added a new subsection, MCL 691.1402(5). 2016 PA 419. According to MCL 691.1402a(5), a municipal corporation involved in a civil action may assert "any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious." A "municipal corporation" is defined as a "city, village, or township or a combination of 2 or more of these when acting jointly." MCL 691.1401(d).

On appeal, plaintiff asserts that because her injury occurred in September 2016, Walmart is unable to assert the open and obvious danger doctrine as a defense. MCL 691.1402a only pertains to municipalities and the maintenance of sidewalks. This case involves a slip that occurred at a retail store. As Walmart points out, this Court has applied the open and obvious doctrine in premises liability cases involving corporate defendants for many years. See, e.g., *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 473-474; 499 NW2d 379 (1993). Accordingly, retroactivity is not an issue in this case, and the trial court did not err by determining whether the open and obvious danger doctrine barred Darnell's negligence claims.

## C. PREMISES LIABILITY–NOTICE

Next, Darnell raises several arguments that essentially challenge the trial court's decision to grant summary disposition in favor of Walmart because Walmart was negligent for failing to properly maintain its roof. Given Walmart's lack of notice regarding the hazardous condition before Darnell slipped, Darnell's challenge is without merit.

The trial court granted Walmart's motion for summary disposition and dismissed Darnell's case on the basis of MCR 2.116(C)(10). A party seeking summary disposition pursuant to MCR 2.116(C)(10) may satisfy its burden by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claims," *or* by "demonstrate[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the party's claim." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks and citation omitted; alterations in original).

> Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Id.* (quotation marks and citations omitted).]

As an initial matter, Darnell argues that the trial court erred by granting the motion for summary disposition on the basis that the hazard was open and obvious because her claim concerned Walmart's negligent conduct. We conclude that Darnell's complaint is based on premises liability; accordingly, this argument is without merit.

"Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Serv*, 296 Mich App 685, 691; 822 NW2d 254 (2012). Rather, "the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id*. at 691-692 (quotation marks and citation omitted). "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Id*. at 692. In a premise liability case, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id*. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*.

In this case, Darnell alleges that the store's roof leaked, leaving water on the floor, and she was injured after she slipped on the water. In other words, she alleges that she was injured by a dangerous condition existing on Walmart's premises. Although Darnell contends that Walmart's negligence—its failure to properly maintain the roof—caused the hazardous condition, such a contention does not transform the claim into an action for ordinary negligence. See *id*. As a result, the trial court properly considered this case as a premises liability action. See *id*.

The trial court granted Walmart's motion for summary disposition, at least in part, based on its conclusion that Walmart did not have notice of the hazardous condition—the water leaking onto the floor. It is undisputed that Darnell was an invitee of Walmart's business when she slipped. See *Lowrey*, 500 Mich at 8. To prevail on a premises liability claim, "an invitee must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Id*. "A premises owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id*. (quotation marks and citation omitted). "To prevail on her claim, plaintiff had to establish that defendant, as a premises owner, possessed actual or constructive notice of the dangerous condition." *Id*. at 10. The *Lowrey* Court explained the following concerning notice in premises liability cases:

> The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it. [*Id*. (quotation marks and citation omitted).]

In this case, the trial court did not err by concluding that Darnell failed to show that Walmart had either actual or constructive notice of the hazardous condition. Darnell asserts that Walmart employees reported that they were aware that the roof leaked; however, she provides no deposition testimony, affidavits, or other documentary evidence to support this assertion. See *id*. at 7. Also, even accepting this assertion as true, Darnell does not allege that any of the employees knew about a leak in the specific area where she slipped or that employees knew of any leaks on that day. She acknowledged that she had been in this store before and never observed any leaks. She testified that it was not raining on the day the incident occurred. Rather, she believed that it rained the day before. The wet area, according to Darnell, was approximately four inches in diameter. The video shows that after Darnell slipped, employees placed an orange caution sign and bucket in the area; however, the employees did not mop or wipe up any water. Darnell testified

that she did not see any cart tracks or footprints leading to or away from the spill. She did not know how long the water had been on the floor before she slipped. Accordingly, the record evidence does not show that Walmart knew about the water before Darnell slipped, or that it was of such character or existed for a sufficient length of time that Walmart should have had knowledge of it. See *id*. at 10. As a result, Darnell failed to support an essential element of her claim—that Walmart had notice of the hazardous condition, and Walmart was entitled to summary disposition in this regard. *Id*. at 12.

Because the trial court properly granted Walmart's motion for summary disposition based on Darnell's failure to establish that Walmart had notice of the hazardous condition, it is unnecessary for this Court to address the trial court's conclusion that the water was open and obvious. *Id*. at 12 n 3.

Affirmed.[2] No costs.

/s/ Douglas B. Shapiro
/s/ Anica Letica
/s/ Kathleen A. Feeney

---

[2] We also briefly address Darnell's motion to overturn the trial court's ruling regarding discovery that Darnell filed shortly before case call. That motion is denied. The motion appears to ask us to amend the issues on appeal. Even if we were inclined to do so, we would find that the issue was not sufficiently briefed and, in any event, is without merit as there was no abuse of the trial court's discretion.