BIALICK v MEGAN MARY, INC

Docket No. 286571. Submitted November 3, 2009, at Detroit. Decided
    December 1, 2009, at 9:05 a.m.

Helen Bialick brought a premises liability action in the Oakland
    Circuit Court against Megan Mary, Inc., seeking damages for
    injuries sustained when she slipped and fell on the floor of the
    building at defendant's gas station. The court, Denise Langford
    Morris, J., granted summary disposition in favor of defendant on
    the basis that the wet condition of the floor was an open and
    obvious danger. Plaintiff appealed.

    The Court of Appeals *held*:

    1. A premises possessor owes an invitee such as plaintiff a duty
to exercise reasonable care to protect the invitee from an unrea-
sonable risk of harm caused by a dangerous condition on the
premises, but owes no duty to protect an invitee from dangers that
are open and obvious unless special aspects exist, such as a
condition that is effectively unavoidable or imposes an unreason-
ably high risk of severe harm. A condition is open and obvious if an
average user with ordinary intelligence would have been able to
discover the danger and the risk presented upon casual inspection.
The test is objective and the inquiry is whether a reasonable
person in the plaintiff's position would have foreseen the danger.
Courts must focus on the objective nature of the condition of the
premises, not the subjective degree of care used by the plaintiff.

    2. Summary disposition is inappropriate if genuine issues of
material fact exist regarding the condition of the premises and
whether the hazard was open and obvious. A genuine issue of
material fact exists in this case with respect to whether the wet
condition of the floor was open and obvious and whether an
average user with ordinary intelligence would have been able to
discover the danger and risk presented upon casual inspection.
The order granting summary disposition must be reversed and the
case must be remanded for further proceedings.

    Reversed and remanded.

*Gary Krochmal* for plaintiff.

*Cory & Associates* (by *Patrick W. Bennett*) for defendant.

Before: SHAPIRO, P.J. and JANSEN and BECKERING, JJ.

PER CURIAM. In this premises liability action, plaintiff, Helen Bialick, appeals as of right an order granting the motion of defendant, Megan Mary, Inc., for summary disposition under MCR 2.116(C)(10). We reverse and remand.

I

In the afternoon of January 4, 2006, plaintiff drove her car to defendant's gas station on her way home from work in order to refuel. Plaintiff had never before been to the gas station. Plaintiff testified at her deposition that it was "drizzling" outside at the time of the incident. She entered the gas station building in order to prepay for gas and took several steps past the threshold of the door. She had turned left and was heading toward the cashier counter when she slipped and fell, twisting and fracturing her right ankle. Plaintiff contends that she was looking down at the floor while walking but did not see anything, such as dirt, mud, water, or spilled pop, that would have alerted her to be careful. After the fall, plaintiff's hands were wet or moist with water, although she was not sitting in water. Plaintiff described the floor in the building as a light-colored tile with ridges on it. Although plaintiff walked over a "grating area" just inside the entrance, she testified that there were no mats or caution signs posted.

Defendant's owner, George Denha, testified at his deposition that after the grating area just inside the entrance, a long mat covered the tile floor all the way to

the cashier counter. He recalled that it was raining off and on during the two hours he was at the gas station before the incident. He indicated that "there was no water," but that the floor had become wet from customers walking into the building with water on the bottom of their shoes as a result of the rain. Denha testified that while he does not recall whether anyone had mopped before plaintiff's fall, the usual custom was to mop dry any water or dirt that appeared around the mat throughout the day and place a "caution, wet floor" sign out when it rained. Denha gave inconsistent testimony with respect to whether he witnessed the fall, saying at one point at his deposition that he first saw plaintiff when she walked into the gas station building and told him she had slipped outside, and at another point admitting that, in accordance with his answers to interrogatories, he had witnessed plaintiff slipping. In his answers to interrogatories, Denha stated that he saw plaintiff lying on the floor just inside the main entranceway. He also testified inconsistently with his answers to interrogatories with respect to whether there was a warning sign on the floor in the area where the incident occurred.

Plaintiff filed suit and, following discovery, defendant moved for summary disposition, which the trial court granted on the basis of the open and obvious danger doctrine.[1]

II

Plaintiff argues on appeal that the trial court erred in determining that the wet condition of defendant's floor was open and obvious. We agree.

---

[1] Although the parties debate the meaning of the trial court's wording in its opinion and order, the court found that "wet tiles on a misty day are open and obvious," and that special aspects did not exist.

This Court reviews a trial court's decision on a motion for summary disposition made under MCR 2.116(C)(10) de novo. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). When deciding a motion for summary disposition under this rule, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 166; 713 NW2d 717 (2006). "Summary disposition is appropriate only if there are no genuine issues of material fact, and 'the moving party is entitled to judgment as a matter of law.' " *Bragan v Symanzik*, 263 Mich App 324, 327-328; 687 NW2d 881 (2004) (citation omitted).

A negligence claim requires that a plaintiff prove the following four elements: (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty, (3) causation, and (4) damages. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). The duty a premises possessor owes to those who enter the premises is determined by the status of the visitor. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). Michigan recognizes three traditional categories of visitors: trespasser, licensee, and invitee. *Id.* It is undisputed that plaintiff was an invitee while on defendant's premises. A premises possessor owes an invitee a duty "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the [premises]." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a premises possessor owes no duty to protect an invitee from dangers that are "open and obvious" unless special aspects exist, such as a condition that is effectively unavoidable or imposes an unreasonably high risk of severe harm. *Id.* at 517-519.

A condition is open and obvious if "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). The test is objective; thus, "the inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger . . . ." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008). When deciding a summary disposition motion based on the open and obvious danger doctrine, "it is important for courts . . . to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Lugo, supra* at 523-524. If genuine issues of material fact exist regarding the condition of the premises and whether the hazard was open and obvious, summary disposition is inappropriate. See *Bragan, supra*.

In this case, viewing the evidence in the light most favorable to plaintiff, we find that a genuine issue of material fact exists with respect to whether the wet condition of defendant's floor was open and obvious. Plaintiff was several steps inside the building when she slipped and fell on the wet tile floor. Denha admitted that although there was no standing water, the floor was wet. Plaintiff observed no caution signs posted on the premises regarding a wet or slippery floor. Further, while Denha testified that there was a long mat on the floor all the way to the cashier counter, plaintiff testified that there were no mats. Plaintiff was specifically looking down at the floor while walking, and she did not see water or any other hazard on the floor before she fell.[2] Other than plaintiff and Denha, there were appar-

---

[2] We reject defendant's argument that plaintiff's observations may not be considered in assessing whether the hazard was open and obvious.

ently no other witnesses to the fall or the condition of the floor where plaintiff fell. Given the evidence presented, a genuine issue of material fact exists as to whether an average user with ordinary intelligence would have been able to discover the danger and risk presented upon casual inspection. See *Novotney, supra.* We reject defendant's argument that plaintiff should have been aware of a potentially hazardous condition inside the building based solely on the "drizzly" or "misty" weather outside, because our focus must be on the objective nature of the condition of the premises at issue. See *Lugo, supra* at 523-524. Plaintiff presented an issue of fact for the jury to consider, and the trial court's granting of defendant's motion was in error.

Plaintiff also argues on appeal that the trial court's "special aspects" analysis was irrelevant; however, given our holding above, we need not address plaintiff's second issue.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

---

Defendant argues that taking into account plaintiff's observations changes the test from an objective one to a subjective one. This is incorrect. While the question whether a condition is open and obvious is ultimately objective, the observations of the plaintiff are entitled to as much consideration by the court as would be the observations of any other witness. The observations made by plaintiff are relevant to the court's determination whether there was a hazard, the nature of the hazard, and whether that hazard was observable on casual observation by an average user.