# STATE OF MICHIGAN

# COURT OF APPEALS

MELANIE CROMER,

Plaintiff-Appellee,

UNPUBLISHED
June 27, 2017

v

No. 331494
Wayne Circuit Court
LC No. 14-015064-NO

JIMMY'S GAS & GO, LLC,

Defendant-Appellant.

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this slip and fall case, defendant appeals by leave granted[1] an order denying its motion for summary disposition brought under MCR 2.116(C)(10). We affirm.

Plaintiff slipped and fell on a small amount of a "whitish gray" slippery substance that may have been slush as she was exiting a gas station convenience store. The substance may have come from a frozen drink machine inside the store, or it may have been tracked in from outside since it was a snowy day. In either case, plaintiff entered the store without incident and did not see the substance on the floor before she fell while attempting to exit the store. There is no surveillance footage of plaintiff's fall and defendant's employee refused to write an incident report. While plaintiff took a photograph of the area several minutes after she fell, and after several people had walked through the area, it did not depict the condition at the time she fell.

Defendant moved for summary disposition of plaintiff's claim, arguing that the slippery condition was open and obvious, as well as avoidable; thus, her premises liability claim was barred. In denying defendant's motion, the trial court concluded that the hazard was effectively unavoidable because, like the standing water in *Lugo*[2], this hazard blocked the gas station convenience store's only exit. This appeal followed.

---

[1] *Cromer v Jimmy's Gas & Go LLC*, unpublished order of the Court of Appeals, entered March 2, 2016 (Docket No. 331494).

[2] *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 518; 629 NW2d 384 (2001).

Defendant first argues that the allegedly hazardous condition that caused plaintiff's fall was open and obvious, as the trial court implicitly concluded. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists, i.e., reasonable minds could not differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008); *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010).

In general, a premises owner must exercise reasonable care to protect an invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). An open and obvious condition generally does not pose an unreasonable risk of harm because an invitee either knows of it or is reasonably expected to discover the condition and realize the danger. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-517; 629 NW2d 384 (2001), quoting *Bertrand v Alan Ford, Inc*, 449 Mich 606, 611; 537 NW2d 185 (1995) and *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). An invitee is reasonably expected to discover a condition if "an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. "This is an *objective standard*, calling for an examination of 'the objective nature of the condition of the premises at issue.'" *Id*. at 461, quoting *Lugo*, 464 Mich at 523-524.

Defendant argues that the slippery condition was open and obvious because there was snow on the ground outside. However, plaintiff fell inside the gas station convenience store, not outside the store. The allegedly hazardous condition was a small amount of a "whitish gray" slippery substance that may have been slush. And the slush may have come from a frozen drink machine inside the store or it may have been tracked in from outside the store. But defendant did not investigate the matter immediately after plaintiff fell to determine what exactly caused her slip and fall. A party seeking summary disposition on the grounds that a condition was open and obvious, and thus no duty was owed to the injured plaintiff in a slip and fall action, has the initial burden to show that the allegedly hazardous condition was in fact open and obvious. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

In this case, plaintiff testified that she was watching where she was walking but did not see anything on the floor before she fell. Defendant presented no evidence in support of its claim that the condition that caused plaintiff to fall was open and obvious despite her failure to see it. Further, defendant presented no evidence that, considering the objective nature of the condition, plaintiff should have discovered the dangerous condition. See *Lugo*, 464 Mich at 523-524. We reject defendant's claim that, because there was snow outside, plaintiff should have seen or discovered the slush inside defendant's convenience store that caused her to fall. According to defendant's argument, premises owners have no duty to protect invitees from accumulations of water, ice, slush, or snow inside of their premises if there are wintery conditions outside. This argument ignores that the focus of the open and obvious inquiry is on the particular condition at issue and whether its unique qualities made it observable by casual inspection before the slip and fall. *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474; 499 NW2d 379

(1993). And this Court recently rejected a similar argument. In *Bialick v Megan Mary, Inc*, 286 Mich App 359; 780 NW2d 599 (2009), this Court stated:

> We reject defendant's argument that plaintiff should have been aware of a potentially hazardous condition inside the building based solely on the "drizzly" or "misty" weather outside, because our focus must be on the objective nature of the condition of the premises at issue. [*Id.* at 364.]

Accordingly, defendant failed to establish that no genuine issue of material fact exists on the issue whether the allegedly hazardous condition that caused plaintiff to fall was open and obvious. In other words, defendant did not establish that plaintiff saw the allegedly dangerous condition before she fell or that an average person with ordinary intelligence would have discovered this particular dangerous condition upon casual inspection. Thus, the trial court's implicit conclusion that the condition was open and obvious was erroneous. Nevertheless, the trial court properly denied defendant's motion for summary disposition on other grounds; thus, we affirm that decision. See *Welch v District Court*, 215 Mich App 253, 256; 545 NW2d 15 (1996). In light of our resolution of this dispositive issue we need not consider whether special aspects existed which barred the application of the open and obvious doctrine.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause