*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAURA LIQUIA,

UNPUBLISHED
July 30, 2020

Plaintiff-Appellant,

v

No. 348087
Oceana Circuit Court
LC No. 18-012929-NO

ANTLER BAR AMUSEMENTS, LLC,

Defendant-Appellee.

Before: BORRELLO, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's grant of summary disposition under MCR 2.116(C)(10) in favor of defendant. For the reasons set forth in this opinion, we reverse and remand for further proceedings.

## I. BACKGROUND

This case arises from injuries plaintiff sustained when she tripped over a post sticking out of the ground while staying at the Double JJ Resort in Rothbury, Michigan. The Double JJ Resort was owned and operated by defendant. During her deposition, plaintiff explained that she visited the resort to attend a wedding and arrived in the afternoon before the ceremony, which was scheduled to begin that day at 4:00 p.m. Plaintiff was staying with her husband and some friends in one of the resort's "rustic" cabins.

Following the wedding reception, plaintiff and others rode a shuttle back to their cabin and arrived close to midnight. Plaintiff was one of the first people to get off the shuttle. She testified that it was "very dark" and "really hard to see." There were no light posts or light fixtures in the area surrounding the group of cabins in which plaintiff's cabin was located, and the only artificial light sources in the vicinity came from the porch lights located on each individual cabin. The resort's facilities manager, Bill Halbower, described these individual cabin porch lights in his deposition as "service" or "entrance" lights located outside the porch door of each cabin. Halbower indicated that they were not floodlights or spotlights. However, plaintiff testified that when the shuttle dropped her off that night near the group of cabins where her cabin was located, there was no light coming from the shuttle, the nearest cabin, the moon, the stars, or any other source. She

did not use the flashlight feature on her cell phone that night. The porch light of plaintiff's cabin was on, but her cabin was located away from the road and across a grassy area from the point where the shuttle dropped her off. Plaintiff indicated that she was surprised by how dark it was in this area despite being aware that it is usually dark at midnight. Plaintiff explained:

> I guess what I was shocked about is I don't know the layout of the land, divots or anything walking to my cabin. It's a little bit of a distance.

After getting off the shuttle, plaintiff began making her way to her cabin. Plaintiff testified that she was looking ahead at her cabin and walking "arm in arm" with one of her friends through the trees when plaintiff hit the post with her left leg, tripped, fell down on her right leg, and suffered a fracture in her right ankle.

The post was painted blue, was approximately four inches square, and approximately two feet high.[1] According to the photographic evidence and plaintiff's deposition testimony, this post was located in very close proximity to the point where the shuttle dropped plaintiff off. Plaintiff testified there was nothing that would have prohibited her during the daytime from seeing the post that she tripped over but that she had not seen the post earlier during the daytime because she had not walked in that particular area during the day. Halbower testified in his deposition that he had not noticed the post on the grounds until after plaintiff's accident occurred and he went to take pictures of the site.

Plaintiff initiated this action in a two-count complaint alleging premises liability and gross negligence. The trial court subsequently granted defendant's motion for summary disposition under MCR 2.116(C)(10). The trial court concluded that plaintiff's cause of action sounded in premises liability because the injury was allegedly caused by a dangerous condition on land, and the trial court also ruled that plaintiff was an invitee. Finally, the trial court determined that defendant was entitled to summary disposition in its favor because there was no genuine issue of material fact that the post was open and obvious, that there were no special aspects making the post unreasonably dangerous, and that the post was not unavoidable. Plaintiff now appeals, arguing that the trial court erred by determining that the post was open and obvious and granting summary disposition on that basis.

## II. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary disposition de novo. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). A motion under MCR 2.116(C)(10) is reviewed "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). The moving party is entitled to judgment as a matter of law if, after considering that evidence, there is no genuine issue of material fact. *Hoffner*, 492 Mich at 459. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475; 776 NW2d 398 (2009) (quotation marks

---

[1] The parties agree in their appellate briefs that the post was about two feet high.

and citation omitted). "Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Id*. at 476.

## III. ANALYSIS

A premises liability claim requires a plaintiff to "prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (quotation marks and citation omitted). The duty that a possessor of land owes to a visitor depends on whether the visitor is classified as a trespasser, licensee, or invitee. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). Defendant concedes on appeal that the trial court in this case correctly determined that plaintiff was an invitee at the time that she suffered her injury at the resort. Although a premises possessor generally "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land," there is generally no duty to remove open and obvious dangers. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001).

The central issue before us is whether the trial court erred by granting summary disposition in defendant's favor based on its determination that defendant had no duty to plaintiff as a matter of law because the post was open and obvious.

In determining whether a condition is open and obvious,

the equation involved is whether the danger, *as presented*, is open and obvious. The question is: Would an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection? That is, is it reasonable to expect that the invitee would discover the danger? [*Novotney v Burger King Corp*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993) (emphasis added).]

Additionally, this Court has explained this test is an objective one and that we thus "look[] not to whether plaintiff should have known that the [condition] was hazardous, but to whether a reasonable person in [her] position would foresee the danger." *Joyce v Rubin*, 249 Mich App 231, 238-239; 642 NW2d 360 (2002) (quotation marks and citation omitted; second alteration in original).

In *Blackwell v Franchi*, 318 Mich App 573, 575, 577; 899 NW2d 415 (2017), remanded on other grounds 502 Mich 918 (2018),[2] this Court analyzed whether a descending step from a hallway into a dark mud room was open and obvious by determining "whether, in light of the evidence presented, there [was] a genuine factual dispute regarding whether [an] average user of ordinary intelligence *acting under the conditions as they existed at the time plaintiff encountered*

---

[2] In *Blackwell*, our Supreme Court remanded the case to this Court to consider the defendants' alternate arguments for affirmance of the trial court's grant of summary disposition but specifically "d[id] not disturb" this Court's open-and-obvious holding. *Blackwell*, 502 Mich at 918.

*the drop-off* would have been able to discover it on casual inspection." (Emphasis added.) The plaintiff in that case presented deposition testimony that the step and accompanying change in floor level was not visible due to the lack of light in the mud room on the evening of the injury. *Id*. at 577-578. Photographs demonstrated that the drop-off was difficult to see even when the lighting was sufficient. *Id*. at 578. This Court held that a genuine issue of material fact existed as to whether an average user acting under the deficient lighting conditions present when plaintiff approached the mud room would have been able to discover the drop-off upon casual inspection. *Id*.

We also addressed whether a hazard that was hidden in darkness was open and obvious in *Abke v Vandenberg*, 239 Mich App 359, 360, 361-362; 608 NW2d 73 (2000). In that case, the plaintiff was injured when he fell off a loading dock and into a truck bay. *Id*. at 360. The plaintiff testified that the loading dock area was dark at the time of his accident and "that he could only see defendant's silhouette as defendant walked away from him just before the accident." *Id*. at 362. The plaintiff also testified that only one of the three lights in the loading dock area was on at the time, although the defendant presented evidence that all three lights were illuminated. *Id*. This Court held that there existed factual questions on which reasonable minds could differ regarding the visibility of the truck bay and hence whether the hazard was open and obvious. *Id*. at 360-363.

In this case, plaintiff testified that when the shuttle dropped her off near her cabin around midnight, it was "very dark" and "really hard to see," with no natural or artificial light source providing any degree of illumination to the immediate vicinity. Although the porch light of plaintiff's cabin was on, her cabin was some distance away and there was testimony that the cabin porch lights were not spotlights or floodlights. Based on plaintiff's testimony about how dark it was next to the shuttle and the lack of light in that area, it is evident from the record that the distant porch light on plaintiff's was insufficient to overcome the darkness surrounding the area near the shuttle drop-off point and the nearby post on which plaintiff tripped. Plaintiff further testified that she did not know the layout of the land between the shuttle drop-off point and her cabin, including whether there were any "divots" or obstacles. The post was painted a dark color, was about two feet high, and was approximately four inches square. Furthermore, Halbower testified that the post had been placed by a resort employee to mark a shut-off valve for the cabins.[3]

Hence, there was evidence that the danger and risk of tripping over a darkly colored post obscured by nighttime darkness and that was well below eye level but higher than what a reasonable person would ordinarily expect to step over, "as presented" under these circumstances, would not have been discoverable by an average user with ordinary intelligence in plaintiff's position upon a casual inspection. *Novotney*, 198 Mich App at 474-475; *Joyce*, 249 Mich App at 238-239. There was evidence that the post that the resort had installed in the ground and on which plaintiff tripped, like the descending step in *Blackwell* and the truck bay in *Abke*, was hidden from view by the surrounding darkness and lack of adequate lighting.

Defendant, in arguing that the open-and-obvious doctrine absolved it of any duty to plaintiff, incorrectly focuses on plaintiff's actions rather than the condition on the land and thereby

---

[3] While it is not entirely clear from Halbower's testimony, it seems he was referring to a water shut-off valve.

-4-

conflates the concept of comparative negligence with the open-and-obvious doctrine. The following quotation from defendant's brief on appeal accurately and succinctly summarizes defendant's approach to the case:

> In the present case, plaintiff walked directly into an open and obvious danger when she quickly walked into a dark, wooded area without the use of her flashlight and with her eyes looking out into the distance rather than on the path in front of her. She did so despite the existence of an alternative route that she had already repeatedly traversed earlier that day in broad daylight. Thus, the blue, wooden, two-foot post protruding from the ground that was concealed by darkness was an open and obvious danger that lacked any special aspects that would make it unreasonably dangerous.

Defendant's approach is contradictory to the approach mandated by our Supreme Court. In *Lugo*, 464 Mich at 523-524, our Supreme Court affirmed the trial court's grant of summary disposition while expressly repudiating the trial court's reasoning—reasoning that is much like the argument employed by defendant in the instant case:

> While we agree with the result reached by the trial court, we consider it important to disapprove part of its apparent rationale. The trial court's remarks indicate that it may have granted summary disposition in favor of defendant because the plaintiff "was walking along without paying proper attention to the circumstances where she was walking." However, in resolving an issue regarding the open and obvious doctrine, the question is whether *the condition of the premises* at issue was open and obvious and, if so, whether there were special aspects of the situation that nevertheless made it unreasonably dangerous. In a situation where a plaintiff was injured as a result of a risk that was truly outside the open and obvious doctrine and that posed an unreasonable risk of harm, the fact that the plaintiff was also negligent would not bar a cause of action. This is because Michigan follows the rule of comparative negligence. Under comparative negligence, where both the plaintiff and the defendant are culpable of negligence with regard to the plaintiff's injury, this reduces the amount of damages the plaintiff may recover but does not preclude recovery altogether.
>
> Accordingly, it is important for courts in deciding summary disposition motions by premises possessors in "open and obvious" cases to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff. [Citation omitted.]

Furthermore, with respect to a hazard obscured by darkness specifically, this Court in *Blackwell* rejected an argument similar to defendant's contention in the instant case that plaintiff should have used a flashlight:

> Defendants also argue that the drop-off or height differential, was open and obvious because plaintiff could have turned on a light switch located at the entry to the mud room that would have illuminated the mud room. However, this argument goes to whether plaintiff was comparatively negligent; it does not affect duty. The

-5-

open and obvious danger doctrine focuses on the condition of the premises and the hazard as they existed at the time the plaintiff encountered them. There is no additional requirement that the plaintiff take reasonable steps to improve the visibility of the alleged hazard. Defendants' argument that plaintiff should have discovered and turned on the light switch is not merely a statement that plaintiff should have looked where she was going but is also a statement that plaintiff should have altered the condition of the premises by turning on the lights. [*Blackwell*, 318 Mich App at 578-579 (citations omitted).][4]

Thus, defendant's arguments in this case that plaintiff should have walked more slowly, looked down at the ground, used a flashlight, or taken an alternative familiar route are completely irrelevant to the question whether the post that was obscured by darkness was open and obvious. Rather, such arguments may have some bearing on whether plaintiff was comparatively negligent as they are solely concerned with the subjective degree of care employed by plaintiff and not the condition of the post as presented that night. *Lugo*, 464 Mich at 523-524.

Additionally, while explicitly conceding that the post was concealed by darkness, defendant illogically maintains that this hidden hazard was nonetheless open and obvious by arguing that the darkness itself was the open-and-obvious condition. In support of this argument, defendant relies on two unpublished decisions from this Court[5] and a plurality opinion from our Supreme Court[6] for the proposition that, in defendant's words, "darkness or inadequate lighting that conceals a hazard may also constitute an open and obvious condition where such darkness or inadequate lighting is to be expected."

First, unpublished decisions of this court are not precedentially binding, MCR 7.215(C)(1), and we therefore need not address these decisions further considering that we have relied on published, binding authority in support of our legal analysis and conclusions.

With respect to the Supreme Court case cited by defendant, *Singerman v Muni Serv Bureau, Inc*, 455 Mich 135; 565 NW2d 383 (1997), was a case in which there was no majority opinion and each of the two opinions issued garnered the support of three justices. More

---

[4] To the extent defendant attempts to distinguish *Blackwell* by arguing that the analysis turns on whether the condition is present in a "constructed and maintained (i.e., artificial) environment," defendant's argument is unavailing under the circumstances of this case for at least two reasons. First, although defendant characterizes the part of the resort where plaintiff's cabin was located as providing more "rustic" accommodations, the fact remains that the area is still improved by constructed buildings and other man-made features even if those buildings are styled as "cabins." Second, there was testimony that the specific post at issue was installed in that location by defendant's employee. Therefore, defendant's attempt to cast this area as some sort of virgin wilderness, even if that had any bearing on the question at issue, is disingenuous.

[5] *Carpen v Zarza*, unpublished per curiam opinion of the Court of Appeals, issued October 9, 2018 (Docket No. 342901); *Davis v Olympia Entertainment, Inc*, unpublished per curiam opinion of the Court of Appeals, issued October 10, 2017 (Docket No. 332807).

[6] *Singerman v Muni Serv Bureau, Inc*, 455 Mich 135; 565 NW2d 383 (1997).

-6-

specifically, defendant relies on the open-and-obvious analysis in Justice WEAVER's opinion, see *id*. at 141-144 (opinion by WEAVER, J.), and the justices were split over this specific portion of Justice WEAVER's opinion, see *id*. at 146 (MALLETT, C.J., concurring in part and dissenting in part).

Although defendant relies on this case for the statement that "the poor lighting was an open and obvious danger which the invitee might reasonably be expected to discover," *id*. at 141 (opinion by WEAVER, J.), defendant takes this statement out of context and this language is not as helpful to defendant as it believes. In that case, it was "undisputed that plaintiff was an invitee, that the lack of proper lighting was a hazardous condition, and that the poor lighting was an open and obvious danger which the invitee might reasonably be expected to discover," and "the only issue presented [was] whether the defendants should anticipate the harm despite plaintiff's knowledge of the hazardous condition." *Id*. In the instant case, the issue whether the condition was open and obvious *is* in dispute and the next question whether defendant should nevertheless have anticipated the harm is not before us. Therefore, *Singerman* is not applicable to the issue presented in this case. Moreover, we are not bound by plurality decisions of our Supreme Court where no majority of the justices participating concur in the reasoning. See *Negri v Slotkin*, 397 Mich 105, 109; 244 NW2d 98 (1976) ("Plurality decisions in which no majority of the justices participating agree as to the reasoning are not an authoritative interpretation binding on this Court under the doctrine of Stare decisis."); *Tennine Corp v Boardwalk Commercial, LLC*, 315 Mich App 1, 22 n 6; 888 NW2d 267 (2016) ("[D]ecisions in which a majority of the participating justices do not agree with the reasoning are not binding interpretations.").

Accordingly, this caselaw cited by defendant does not overcome the binding authority that we have discussed above. Under that binding authority, we conclude that the trial court in this case erred by determining that there was no genuine issue of material fact that the post was open and obvious as it was presented at the time of plaintiff's injury. *Novotney*, 198 Mich App at 474-475; *Joyce*, 249 Mich App at 238-239; *Blackwell*, 318 Mich App at 577-578; *Abke*, 239 Mich App at 360-363. We therefore reverse the trial court's order granting summary disposition. *Bialick v Megan Mary, Inc*, 286 Mich App 359, 363; 780 NW2d 599 (2009) ("If genuine issues of material fact exist regarding the condition of the premises and whether the hazard was open and obvious, summary disposition is inappropriate.").

Reversed and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. Plaintiff, having prevailed, is entitled to costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Deborah A. Servitto