*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY H. ROCKENSUESS,

      Plaintiff-Appellee,

UNPUBLISHED
May 26, 2022

v

MEIJER, INC.,

      Defendant-Appellant.

No. 356471
Wayne Circuit Court
LC No. 19-005929-NO

Before: MURRAY, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

In this premises liability action, defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition. Defendant contends on appeal that the trial court erred by finding that a genuine issue of material fact existed concerning whether the hazardous condition was open and obvious upon casual inspection. We reverse.

## I. BACKGROUND

This case arose at one of defendant's grocery stores when plaintiff slipped on wet flooring just inside the entrance of the store. Plaintiff arrived during inclement weather and acknowledged that it was raining when he entered the store. Upon entering the store, plaintiff wiped his feet dry on the entrance floor mat; he also saw that an employee was bringing in a batch of wet shopping carts from outside, so he stepped aside and waited for the worker to finish placing the carts in the designated cart corral area.

After grabbing his own cart, plaintiff took two steps through the area where the carts were brought from inside and then slipped on some accumulated water on the tile floor. Though plaintiff did not see this water before falling (he testified that he was looking forward, so as not to hit

---

[1] See *Rockensuess v Meijer, Inc*, unpublished order of the Court of Appeals, entered May 11, 2021 (Docket No. 356471).

someone with the cart), he felt the wetness soaking through his clothing once on the ground. Plaintiff assumed this water was brought in with the wet carts from outside.

Plaintiff filed a complaint alleging that defendant was responsible for the floor's dangerous condition and liable for his injuries. Plaintiff asserted two separate claims against defendant: one for premises liability and one for general negligence. Defendant later moved for summary disposition, arguing that the trial court should dismiss plaintiff's complaint because the wet condition was open and obvious, thus barring liability.

The trial court dispensed with oral arguments and entered an opinion and order denying defendant's motion for summary disposition. Noting defendant's argument that the condition should have been anticipated, not because it was visibly obvious but because it was raining outside, the court distinguished numerous unpublished opinions cited by defendant dealing with puddles just inside store entrances. In particular, the court highlighted (1) the lack of any warning signs alerting plaintiff to any danger, (2) evidence indicating that store employees created the hazard, and (3) that the wet floor did not involve such a large puddle that it alone would make the danger readily apparent. The court thus concluded that, "[i]n this context, . . . there are questions of fact as to whether this condition was readily apparent to an average user of ordinary intelligence, or otherwise open and obvious as a matter of law." We later granted leave to appeal.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Neither defendant nor the trial court specified under which particular subsection summary disposition was being pursued and decided; however, because the trial court relied on documentary evidence beyond the pleadings, we construe the motion as having been denied pursuant to MCR 2.116(C)(10). See *Cuddington v United Health Serv*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *El-Khalil*, 504 Mich at 160. Courts must consider all evidence in a light most favorable to the nonmoving party. *Id.* The motion may only be granted when there is no genuine issue of material fact. *Id.* "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

A moving party satisfies its burden under MCR 2.116(C)(10) by either "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim[] or by demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks and citation omitted). Once this initial burden is met, the nonmovant must "set forth specific facts showing that a genuine issue of material fact exists" and "may not rely on mere allegations or denials in the pleadings." *Id.* (citation omitted). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id.* (citation omitted). Issues of law are also

reviewed de novo. *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 477; 760 NW2d 287 (2008).

III. ANALYSIS

It was undisputed below that plaintiff was a business invitee when the alleged injury occurred. To prevail on a premises liability claim, an invitee "must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Lowrey*, 500 Mich at 8. Regarding duty and breach, "a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land," and a breach occurs when "the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012).

However, landowners have no duty to take protective action when the danger is "open and obvious." *Id*. "[S]uch dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id*. at 461. A condition is considered open and obvious if, objectively, "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. "This is an *objective standard*, calling for an examination of the objective nature of the condition of the premises at issue." *Id*. (quotation marks and citation omitted, italics in original).

Defendant correctly argues that, given the objective nature of the inquiry, whether plaintiff personally saw the water on the floor before falling is by no means dispositive to whether the open and obvious doctrine applies. See *Hoffner*, 492 Mich at 461 (the open and obvious inquiry involves "examination of the objective nature of the condition of the premises at issue") and *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 524; 629 NW2d 384 (2001) (whether a danger is open and obvious depends "on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff."). But it is relevant testimony in evaluating whether there is a genuine issue of material fact as to what condition existed at the time. *Bialick v Megan Mary, Inc*, 286 Mich App 359, 363 n2; 780 NW2d 599 (2009). And, it is true that the trial court erroneously discounted various attendant circumstances that should have alerted plaintiff to potential danger, including the rainy weather outside, a batch of wet carts that had just been brought to the area where plaintiff proceeded to walk, and the wetness plaintiff felt after falling. This evidence is material to whether the hazard was readily observable by an average user. See *Hoffner*, 492 Mich at 464 ("Michigan courts thus ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger."). The trial court also erred by reasoning that warning signs were necessary to render the wet floor open and obvious and by finding it significant that store employees created the hazard. *Novotney v Burger King Corp*, 198 Mich App 470, 473; 499 NW2d 379 (1993) ("there is no duty to warn of open and obvious dangers").

That being said, our decision in *Bialick* is closely analogous to this case. In *Bialick*, 286 Mich App at 360, this Court reversed the trial court's grant of summary disposition when the plaintiff had fallen on wet tile just a few steps inside a gas station during "misty" weather, despite not seeing any water visible on the floor. The *Bialick* Court explicitly rejected the defendant's

argument that the wet floor was open and obvious solely because the weather outside should have alerted the plaintiff to the potential hazard inside. *Id*. at 364. It reasoned that "our focus must be on the objective nature of the condition of the premises at issue." *Id*.

There are material differences between what occurred in *Bialick* and what existed at the time of plaintiff's fall. For example, here, the outdoor condition was described as "rainy," while in *Bialick,* it was "misty" outside. Depending on one's perspective, there could or could not be much difference between the two circumstances. However, importantly, here, plaintiff admitted that the carts brought in from outside—and pushed right through the area he later traversed and fell in—were wet. Additionally, plaintiff testified that there was enough water where he landed that it soaked through his clothes, a fact not present in *Bialick*. Thus, in the present case there was more objective evidence of the circumstances inside the store than there was in *Bialick*. Given these different material facts, including *Bialick*'s recognition that "there was no standing water" in the premises, *Bialick*, 286 Mich App at 363, we conclude that *Bialick* is distinguishable.

As a result, we hold that the indicia of slipperiness present—specifically, defendant's knowledge of the rainy weather, the import of the wet carts from outside in the rain, the fact plaintiff proceeded right through the path used for the wet carts, and the evidence indicating that plaintiff slipped on a sizeable pool of water—rendered the hazard open and obvious upon casual inspection, such that an average person of ordinary intelligence should have noticed and taken steps to avoid it. For the foregoing reasons, we conclude that the wet floor was open and obvious as a matter of law.

Lastly, this Court has recognized that "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012) (quotation marks and citation omitted, alteration in original). Furthermore, "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Id*. at 692. Therefore,

> [i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury. [*Id*.]

Following these principles, plaintiff's alleged general negligence claim does not provide an alternate ground for this Court to affirm the lower court's decision.

Reversed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Michael J. Kelly